UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. 06-00046 (JDB) |
| v. : | VIOLATION: 18 U.S.C. § 371 |
| : | (Conspiracy) |
| LORELLE S. DANCE, : | |
| Defendant. : | |

**FILED**
APR 0 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## STATEMENT OF OFFENSE

Pursuant to Fed. R. Crim. P. 11, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and defendant LORELLE S. DANCE (hereinafter "DANCE"), with the concurrence of her attorney, Frederick D. Cooke, Jr., Esq., agree and stipulate to the following facts in connection with defendant DANCE's plea of guilty to a violation of 18 U.S.C. § 371 (Conspiracy). The charged conspiracy extended from in or about September of 2001 until in or about June of 2003.

Unless specified otherwise, at all relevant times during the course of the conspiracy:

1. Defendant DANCE was employed by the District of Columbia as a business manager for the District of Columbia Public Schools ("DCPS") in Washington, D.C. Part of defendant DANCE's job responsibilities was to procure goods and services for District of Columbia schools, including Moten Elementary, Rudolph Elementary, Ludlow-Taylor Elementary, Walker-Jones Elementary, Hamilton Center, and Bunker Hill Elementary.

2. An individual known to the grand jury, but not named herein ("Individual #1), was employed by DCPS as a principal of an elementary school until late-December of 2002. Part of Individual #1's responsibilities was to manage the use of government-issued DCPS purchase cards

and approve requests for the purchase of goods and services by defendant DANCE.

3. Charles Wiggins operated a business known as Wiggins Telecommunications out of his home in Maryland. Wiggins Telecommunications was a computer company which installed and maintained computers. Wiggins, through Wiggins Telecommunications, agreed, through defendant DANCE, to perform computer installation services for DCPS. Wiggins, ~~with the assistance of defendant DANCE,~~ also created a shell company, Motts Sales and Services, in the Fall of 2002, through which Wiggins billed DCPS, at the instruction of defendant DANCE, for alleged custodial and computer-related goods and services.

4. Charles Wiggins sought business dealings with DCPS.

5. Charles Wiggins, through his company, Wiggins Telecommunications, provided computers and computer installation and maintenance to various DCPS elementary schools, and charged DCPS for equipment and services to the government-issued purchase card belonging to defendant DANCE and others, with the approval of defendant DANCE.

6. In furtherance of the conspiracy, Charles Wiggins would often stay in contact with defendant DANCE by telephone, at times from his home in Maryland to defendant DANCE's home in Washington, D.C.

7. Individual #1 directed a DCPS administrative assistant, in the presence of Charles Wiggins, to type invoices for the services allegedly provided by Wiggins Telecommunications to DCPS.

8. Defendant DANCE filled out and signed monthly transaction logs for the DCPS purchase card program fraudulently listing custodial goods and services that she claimed Wiggins Telecommunications had provided when, as defendant DANCE well knew, Wiggins

Telecommunications had not provided such custodial services or products.

9. At the direction of defendant DANCE, Charles Wiggins sometimes submitted duplicate bills to DCPS for charges for the same service.

10. Defendant DANCE used her government-issued purchase card to charge more than $300,000 for alleged services and equipment provided by Wiggins Telecommunications.

11. From in or about the Fall of 2002 until in or about Spring of 2003, defendant DANCE used her government-issued purchase card to charge more than $60,000 for alleged services and goods provided by Charles Wiggins through his shell company, Motts Sales and Services.

12. Charles Wiggins provided defendant DANCE with cash, cashier's checks and personal checks made payable to defendant DANCE and personal checks made payable to defendant DANCE's mortgage company from monies he received for the goods and services allegedly provided to DCPS by Wiggins and his companies, which payments are set forth below:

| APPROXIMATE DATE OF RECEIPT BY DANCE | THING OF VALUE |
| --- | --- |
| September 2001 – February 2003 | $17,340.47 cash |
| November 15, 2002 | $1,217.00 personal check |
| December 2, 2002 | $7,000.00 cashier's check |
| December 4, 2002 | $4,000.00 cashier's check |
| December 20, 2002 | $3,000.00 cashier's check |
| January 3, 2003 | $2,000.00 personal check |
| January 17, 2003 | $ 900.00 personal check |
| January 31, 2003 | $ 500.00 personal check |
| April 17, 003 | $1,217.00 personal check |
| May 13, 2003 | $1,158.00 personal check |

13. Charles Wiggins provided Individual #1 with cashier's checks and personal checks made payable to Individual #1 from monies he received for the goods and services allegedly provided to DCPS by Wiggins and his companies, which payments are set forth below:

3

| APPROXIMATE DATE OF RECEIPT BY INDIVIDUAL #1 | THING OF VALUE |
|---|---|
| December 20, 2002 | $5,000.00 cashier's check |
| December 23, 2002 | $4,000.00 cashier's check |
| January 2, 2003 | $2,000.00 personal check |

15. In exchange for funds kicked back to them by Charles Wiggins, defendant DANCE and Individual #1 approved payments from DCPS to Wiggins Telecommunications and shell company Motts Sales and Services, and ensured continued and lucrative business for Wiggins.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. BAR # #451058

BY: /s/ Daniel P. Butler

JULIEANNE HIMELSTEIN
D.C. Bar # 417136
DANIEL P. BUTLER
D.C. Bar # 417718
ASSISTANT U.S. ATTORNEYS
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-8203 and (202) 353-9431
Julieanne.Himelstein@USDOJ.Gov
Daniel.Butler@USDOJ.Gov

## DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of Offense. Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, Frederick D. Cooke, Jr., I agree and stipulate to this Statement of the Offense.

Date: 3 April 2006

_____
Lorelle S. Dance
Defendant

I have discussed this Statement of Offense with my client, Lorelle S. Dance. I concur with her decision to stipulate to this Statement of Offense.

Date: 3 April 2006

_____
Frederick D. Cooke, Esq.
Attorney for Defendant Lorelle S. Dance