UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | 1:06-cr-46 (JDB) |
| ) | |
| LORELLE S. DANCE, ) | |
| ) | |
|     Defendant. ) | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant Lorelle S. Dance ("Defendant"), by and through undersigned counsel, hereby submits her memorandum in aid of sentencing.

**Background**

Defendant comes before this Court having pleaded guilty to one count of conspiracy to commit crimes (bribery) against the United States in violation of Title 18 U.S.C. section 371. Defendant's plea was entered pursuant to FRCrP 11.

The facts supporting Defendant's plea are set forth in the statement of offense attached to the plea agreement and in the Pre-sentence Investigative Report ("PSR") at pages 4 through 6. Defendant submits that those facts may be fairly summarized as follows: Defendant was employed as a business manager for the District of Columbia Public Schools ("DCPS") to, among other duties, procure goods and services for the DCPS schools to which she was assigned (Moten Elementary, Rudolph Elementary, Ludlow-Taylor Elementary, Walker-Jones Elementary, Hamilton Center, and Bunker Hill Elementary).

1

An individual ("Individual #1") was employed by DCPS as a principal of one of the elementary schools to which Defendant was assigned until late December 2002. One of the responsibilities of Individual #1 was to manage the use of the DCPS issued purchase cards and to approve the requests for purchase of goods and services made with the DCPS purchase cards.

Charles Wiggins operated a business known as Wiggins Telecommunications which was a company that installed and maintained computers. Wiggins Telecommunications was hired by Individual #1 to perform computer installation services at his school. Charles Wiggins also created a shell company, known as Motts Sales and Services in the fall of 2002, through which he billed DCPS for custodial and computer related goods and services that were not actually provided to DCPS. Defendant was aware that Motts Sales and Services was a shell company that was used by Charles Wiggins to receive monies from DCPS for goods and services that were not actually provided. The goods and services billed by Wiggins Telecommunications and by Motts Sales and Services were billed to DCPS through the purchase card assigned to Defendant.

In furtherance of the offense, Charles Wiggins and Defendant stayed in communication telephonically from his home in Maryland to Defendant's home in the District. To also further the offense, Individual #1 and Defendant completed and signed monthly transaction logs listing goods and services as having been provided to DCPS by Wiggins Telecommunications and/or Motts Sales and Services when the Defendant well knew that said goods and services had not been provided. Additionally, (at the direction of Charles Wiggins), Defendant sometimes submitted duplicate invoices (bills) for payment by DCPS for the same goods or services.

Defendant used the DCPS purchase card assigned to her to have paid to Wiggins Telecommunications and/or Motts Sales and Services more than $360,000.00 for goods and

services that were not actually provided to DCPS.  Charles Wiggins provided Defendant with cash, cashiers' checks, and personal checks from the monies that he received for the goods and services that were not actually provided to DCPS.  While Defendant is not certain of the exact amount that she received from Charles Wiggins, she does not dispute the amount charged by the government and identified in the PSR as a total of $49,332.47.  Charles Wiggins provided Individual #1 with cashiers' checks from monies that he received for the goods and services not actually provided to DCPS in the amount of $11,000.00.  In exchange for the monies paid to them by Charles Wiggins, Defendant and Individual #1 ensured that the foregoing activities would not become known.

### Sentence

To the extent relevant, the United States Sentencing Guidelines ("USSG") at section 3E1.1 provides for a two level decrease in a defendant's offense level for acceptance of responsibility, and upon motion of the government, for a defendant whose level is 16 or greater and who has in a timely manner advised the government of the defendant's intent to plead guilty, an additional one level decrease.  Defendant meets the criteria for a three level decrease in her offense level (from level 18 to level 15).

Defendant immediately and fully accepted responsibility for her conduct and promptly agreed to plead guilty after the indictment was returned, and was not involved in any effort to obstruct justice or to conceal her conduct.  The government has moved for an additional one level decrease resulting in a three level decrease in her offense level as prescribed by USSG section 3E1.1.

Defendant proposes a sentence of three (3) years of supervised probation as the appropriate sentence in this case.  Defendant promptly accepted responsibility for her conduct, was not involved in any effort to obstruct justice or to conceal her conduct, has no prior criminal history, and poses no danger to the community.

The PSR states that under the USSG, Defendant is not eligible for probation.  Defendant respectfully submits that the USSG are no longer mandatory and that a three (3) year period of supervised probation is appropriate in this case.  Moreover, Defendant respectfully submits that the period of supervised probation does not need to include any mandatory drug testing because Defendant is a low risk of future substance abuse.  That is so because the offense is in no way connected to or motivated by substance abuse.  Defendant has no prior history of substance abuse, and is therefore an extremely low risk of future substance abuse.

A period of probation is appropriate in this case because such a sentence will allow Defendant to continue raising her family and working to continue to support her family.  As noted in the PSR, Defendant is a college educated woman with an eight year old son. Defendant lives with her husband and children in a home that they closed on in July.  Defendant is an important part of the overall financial and other support for her family.  A probationary sentence will allow Defendant to continue to support her family  financially and will allow her to be an active participant in the up-bringing of her children especially her younger son.

The offense, to which Defendant has pleaded guilty, is a complete aberration in her life.  She has never been involved in any criminal conduct before.  During the time that Defendant participated in this offense,  Defendant and her husband were experiencing severe marital and financial difficulties (a bankruptcy petition was filed in February 2001 with a discharge in

August of 2004). While in no way serving as an excuse, Defendant attributes her willingness to participate in the offense to the pressures associated with these extreme difficulties that she faced. Defendant acknowledges that she participated in this scheme and that she accepted money from Charles Wiggins. She regrets that decision not because she is before this Court, but because she knows that her participation in the scheme was wrong. Defendant is extremely remorseful about her actions in this matter that are totally inconsistent with her conduct throughout the rest of life.

Since before her arrest, she and her husband have been undergoing counseling. She and her husband now have a stable marriage, and an even more stable friendship. The insecurities and other pressures that allowed Defendant to get so off course in her life can now be managed.

Defendant has a good job and is performing well at this job. The job has helped with her self esteem and has allowed her to contribute financially to her family's expenses. Defendant is now employed in the private sector and not with the government. Defendant's employer notes that Defendant is a "proficient" and "dependable" employee.

The PSR notes that Defendant's mother recently had heart surgery and that Defendant continues to be of great assistance to her mother during her recovery which is ongoing.

The PSR also notes that Defendant has no ability to pay a fine in this matter. Defendant simply does not have the financial wherewithal to pay a fine.

This Court should have received a number of letters of support from persons who have known the Defendant for some time. These persons speak to Defendant's selflessness in giving to others. Defendant has raised her step-son since he was 18 months old (now 21); opened her home to her step-son's best friend so that he could get out of his abusive family situation and

finish high school (he is now is college); mentored many students; been active in her church; and much more. She is as valued asset to her family and friends. She has shared with them her current situation. They see the instant behavior as a deviation from the conduct that they know from Defendant. They know that she is remorseful, and that she has re-dedicated herself to abiding by the law and the values that she holds dear. They urge this Court to give Defendant an opportunity to make amends for the instant conduct and to continue doing the positive things for others that she has been doing for all of her life. These friends and supporters have the best window into the kind of person that Defendant truly is. They all recognize that the instant conduct is a terrible mistake, but a mistake from which she can recover if given the chance by this Court. As Rev. Moore stated in his letter "Notwithstanding her error, she is redeemable. She has much to contribute to the community." If given a probationary sentence, Defendant can continue to make that contribution to her family, her friends, and her community.

## **Conclusion**

For the foregoing reasons, Defendant respectfully requests that this Court impose a sentence of three (3) years supervised probation in this matter.

Respectfully submitted,

/s/ Frederick D. Cooke, Jr.
_____
Frederick D. Cooke, Jr. D.C. Bar No. 164608
Rubin, Winston, Diercks, Harris & Cooke, LLP
1155 Connecticut Avenue, NW, Suite 600
Washington, D.C. 20036
202 861 0870
202 429 06 57

Counsel for Lorrelle S. Dance

### CERTIFICATE OF SERVICE

I, Frederick D. Cooke, Jr., do hereby certify that on this 29th day of August, 2006 a copy of the foregoing Defendant's Memorandum In Aid of Sentencing was filed electronically and sent by first class mail, postage pre paid, to the following:

Daniel Pearce Butler, Esq.
Assistant United States Attorney
Office of the U.S. Attorney
555 4th Street, NW
Washington, D.C. 20001

/s/ Frederick D. Cooke, Jr.
_____
Frederick D. Cooke, Jr