UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 06-046 (JDB) |
| | : | |
| v. | : | |
| | : | |
| **LORELLE S. DANCE,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT LORELLE DANCE'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby responds in the above-referenced matter to the memorandum in aid of sentencing filed by defendant Lorelle S. Dance. The United States does not intend to repeat here what it has already stated in its own sentencing memorandum, but would respectfully incorporate that discussion herein.

Defendant, in her sentencing memorandum, requests a sentence of three years of supervised probation. Defendant's Sentencing Memorandum, at page 4. She contends that such a sentence, although below the applicable United States Sentencing Guidelines range of 18-24 months, would adequately punish her for her behavior. *Id.*, at pages 4-6.[1]

The government opposes a sentence below the sentencing guidelines range. A below-guidelines sentence would not adequately serve the dual purposes of punishment and deterrence.

---

[1] In the plea letter, defendant "agree[d] that a sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines as set forth in this paragraph would be a reasonable sentence for defendant Dance in this case." Plea letter, March 2, 2006, at page 3, paragraph 3. Although the government does not consider defendant's current position to be a breach of this paragraph in the plea letter, the position she is taking in her sentencing memorandum is clearly contradictory to the position to which she agreed in the plea letter. That contradiction in positions should, the government respectfully submits, negatively effect the weight the Court should give her current position.

*See* 18 U.S.C. § 3553(a)(2)(A) and (B) ("[t]he court, in determining the particular sentence to be imposed shall consider . . . the need for the sentence imposed . . . to provide just punishment for the offense . . . [and] to afford adequate deterrence to criminal conduct"). The personal factors defendant cites for a below-guidelines sentence, *e.g.*, allegedly aberrational behavior on her part, family responsibilities, are factors which are not unique to this case, but are present in many white-collar cases. Moreover, although there may be some negative consequences to defendant from her conduct and resulting sentence, these are the natural and predictable consequences of defendant's conduct.

Moreover, a guidelines sentence within the range of 18-24 months would help further "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Over the past couple of years, the undersigned attorney for the government has been involved in a series of cases involving individuals employed by the District of Columbia government who were working in clerical and other positions who used their positions to accept bribes. All of these individuals who were sentenced by judges in this District, absent one who received a departure under the United States Sentencing Guidelines, § 5K1.1, which Section is not applicable here, received sentences of at least a year in prison.[2] To

---

[2] A sampling of some of these cases is listed below:

| Defendant & Agency | Sentencing Date | Case No. | Sentence |
|---|---|---|---|
| 1) Lisa Johnson<br>DMV<br>[offense level 12, criminal history I] | 7/22/05 | 04-444 (CKK) | 12 months and a day in prison<br>3 years of supervised release<br>(departure under USSG 5K1.1) |
| 2) Rosa Chavez<br>DMV<br>[offense level 17, criminal history I] | 7/27/05 | 05-198 (JGP) | 24 months in prison<br>3 years of supervised release<br>(continued on next page) |

avoid disparity with these other defendants, the government respectfully requests that the defendant before this Court receive a guidelines sentence within the range of 18-24 months.

          Respectfully Submitted,

          KENNETH L. WAINSTEIN
          UNITED STATES ATTORNEY
          D.C. Bar Number 451058

By:    / s /

          JULIEANNE HIMELSTEIN
          D.C. Bar # 417136
          DANIEL P. BUTLER
          D.C. Bar # 417718
          ASSISTANT U.S. ATTORNEYS
          555 Fourth Street, N.W.
          Washington, D.C. 20530
          (202) 514-8203 and (202) 353-9431
          Julieanne.Himelstein@USDOJ.Gov
          Daniel.Butler@USDOJ.Gov

---

3) Lisa Strickland   8/5/05   04-154 (RMC)   18 months in prison
   Office of Finance                                     2 years of supervised release
     and Treasury                                  (departure under USSG 5K1.1)
   [offense level 21, criminal history I]

4) Tonette Cooks   11/15/05   03-399-01 (GK))   18 months in prison
    Office of Finance                                   1 year of supervised release
     and Treasury                                  (departure under USSG 5K1.1)
   [offense level 21, criminal history I]

5) Kyra Walker   1/30/06   05-289 (RWR)   12 months and a day in prison
   DMV                                                   2 years of supervised release
   [offense level 13, criminal history I]

6) Toni Mahoney   2/3/06   05-109 (RWR)   6 month split sentence
   DMV                                                   (3 mos. prison, 3 mos. home confine)
                                                             2 years of supervised release
   [offense level 12, criminal history I]   (departure under USSG 5K1.1)

7) Vincent Greenidge 3/15/05   05-007 (CKK)   12 months and a day in prison
   DMV                                                   3 years of supervised release
   [offense level 12, criminal history II]